# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY HANCOCK, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, *et al.*, <br><br> *Defendants.* | Civil Action No. 24-182 (RDM) |

## MEMORANDUM OPINION

Plaintiff Gary Hancock, Jr., proceeding *pro se*, brings this action against the Federal Bureau of Prisons ("BOP"), then-BOP Director Colette S. Peters in her official and individual capacities, and the United States (collectively "Defendants). He challenges the BOP's policy authorizing certain facility population management classifications that permit inmates to be held at higher security facilities than would otherwise be warranted. *See generally* Dkt. 1. (Compl.). Understandably, he expresses concern that this policy could expose him to greater risk of physical harm than necessary. Plaintiff seeks damages, declaratory, and injunctive relief under the Administrative Procedure Act ("APA") and under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiff filed his complaint on January 12, 2024. Dkt. 1 (Compl.). On July 9, 2024, Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 20. The Court, in turn, issued a *Fox/Neal* order on July 10, 2024, advising Plaintiff that if he did not respond to the motion to dismiss by July 31, 2024, the Court could treat the motion to dismiss as conceded pursuant to Local Civil Rule 7(b). Dkt. 21. On August

8, 2024, Plaintiff moved for an extension of time to respond. Dkt. 24. The Court granted that motion and ordered Plaintiff to respond to the pending motion to dismiss no later than September 20, 2024. Min. Or. Aug. 19, 2024. On October 10, 2024, Plaintiff moved for a second extension of time, Dkt. 25, and the Court again granted that motion as well. The Court directed Plaintiff to respond to the motion to dismiss no later than January 18, 2025. Min. Or. Oct. 17, 2024. Plaintiff did not comply with that direction. This Court, nonetheless, gave Plaintiff one final chance to respond to the long-pending motion to dismiss. This time, the Court directed Plaintiff to respond no later than March 14, 2025, and warned Plaintiff that, if he failed to comply, he risked dismissal of his case for failure to prosecute. Min. Or. Feb. 26, 2025. Once again, Plaintiff failed to comply with the Court's order and failed to respond to Defendant's motion to dismiss.

When, as here, the plaintiff is proceeding *pro se*, the Court will hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). But a *pro se* litigant must still comply with the rules that govern litigation in federal court. Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash, R. Co.*, 370 U.S. 626, 629–30 (1962). It is also necessary to ensure compliance with court orders. Dismissal is warranted when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). "A lengthy period of inactivity may . . . be enough to justify dismissal," especially when "the plaintiff has been previously

warned that he must act with more diligence, or if he has failed to obey the rules or court orders." *Smith-Bey v. Cripe,* 852 F.2d 592, 594 (D.C. Cir. 1988).

Plaintiff's failure to respond to Defendants' motion to dismiss, despite receiving lengthy extensions of time and multiple warnings about the consequences of failing to respond, warrants dismissal.  Under this Court's local rules, a party opposing a motion must serve and file a memorandum of points and authorities in opposition within 14 days of the date of service of the motion or "at such other time as the Court may direct."  L.C. Rule 7(b).  Here, more than eight months have passed since Defendants moved to dismiss, and two months have passed since the expiration of the last extension that Plaintiff sought.  Since that due date—January 18, 2024—the Court extended Plaintiff's deadline *sua sponte*, but Plaintiff has still declined to respond.  At some point in time, a party who initiates a lawsuit must actively participate in the litigation that he has commenced, and he must comply with the Court's orders.  Under Federal Rule of Civil Procedure 1, the Court is required to administer the rules in a manner that secures "the just, speedy, and inexpensive determination" of the case.  Fed. R. Civ. P. 1.  The Court concludes that permitting the case to continue indefinitely, notwithstanding Plaintiff's disregard for the Court's orders, would not serve those purposes.

The Court will, accordingly, dismiss Plaintiff's lawsuit, without prejudice, for failure to prosecute.  *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *Cohen v. Bd. of Trustees of the Univ. of the D.C.,* 819 F.3d 476, 484 (D.C. Cir. 2016).

## CONCLUSION

For the foregoing reasons, the Court will DISMISS the action, without prejudice, for failure to prosecute, and will **DENY** Defendants' motion to dismiss, Dkt. 20, as moot. A separate order shall issue.

                                                 /s/ Randolph D. Moss
                                                 RANDOLPH D. MOSS
                                                 United States District Judge

Date: March 17, 2025